# IN THE COURT OF APPEALS OF IOWA

No. 17-1622
Filed September 12, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DESTINY SUMPTER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Boone County, James B. Malloy
(motion to suppress) and Paul G. Crawford (trial), District Associate Judges.


        Destiny Sumpter appeals her convictions for possession of
methamphetamine (second offense) and possession of marijuana (second
offense). **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Robert P. Ranschau,
Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Darrel L. Mullins, Assistant
Attorney General, for appellee.


        Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

Boone police officers observed the driver of a truck engaging in a possible drug transaction in a store parking lot. They followed the truck and stopped it after noticing that it lacked a license plate or working license-plate light. The officers arrested the driver for driving with a suspended license.

Destiny Sumpter was one of two passengers in the vehicle. Officers allowed her to get out of the vehicle and told her she was free to leave the scene. Sumpter used her cell phone to call for a ride and waited for her ride to arrive.

Meanwhile, officers conducted an inventory search of the vehicle.[1] They discovered a locked bag beneath Sumpter's seat. They later obtained a warrant to search the contents of the bag. They discovered marijuana, methamphetamine, and Sumpter's identification card.

Around the time of the inventory search, officers also discovered "a small grocery sack that had been tied up" and was lying on the ground "a couple feet" from the passenger side door. The bag contained two ounces of methamphetamine. Upon learning of these items, the officer who arrested the driver ordered the other officers to detain Sumpter and seize her cell phone. A warrant was obtained to search the phone's contents. The phone contained evidence of drug transactions and drug usage.

The State charged Sumpter with possession of methamphetamine (second offense) and possession of marijuana (second offense) based only on the drugs

---

[1] The Iowa Supreme Court recently held a warrantless inventory search violated article I, section 8 of the Iowa Constitution. *State v. Ingram*, 914 N.W.2d 794, 820-21 (Iowa 2018). Sumpter does not challenge the inventory search.

found in the locked bag inside the vehicle. Sumpter moved to suppress the evidence, arguing, in part, that the warrantless seizure of her phone was unconstitutional. Following a hearing, the district court denied the motion. The court found the seizure constitutional based on the "large quantity of methamphetamines found just outside the door of the vehicle," the apparent drug transaction "that took place" before the stop, and the officers' interest in "prevent[ing] obstruction of evidence."

Sumpter stipulated to a bench trial on the minutes of evidence. The district court found her guilty. On appeal, Sumpter argues the warrantless seizure of her cell phone does not fall within an exception to the warrant requirement.

The Fourth Amendment to the United States Constitution and article I, section 8 of the Iowa Constitution protect against unreasonable searches and seizures. *Ingram*, 914 N.W.2d at 799. "Warrantless searches and seizures are per se unreasonable unless one of several carefully drawn exceptions to the warrant requirement applies." *State v. Pettijohn*, 899 N.W.2d 1, 14 (Iowa 2017). The State argues, "The only exception relevant here is probable cause and exigent circumstances."[2] In the State's view, "[d]rugs, a drug transaction, and Sumpter's continual presence fairly shriek probable cause." On our de novo review of the record, we agree with the State.

---

[2] The State does not attempt to support the cell-phone seizure under the automobile exception to the warrant requirement, presumably because the vehicle was already stopped at the time of the seizure. *See State v. Storm*, 898 N.W.2d 140, 145-46 (Iowa 2017) (stating automobile exception is premised on "probable cause and exigent circumstances . . . at the time the car is stopped by police" and "exigent circumstances apart from the mobility of the vehicle are not required to justify a warrantless search"); *State v. Hoskins*, 711 N.W.2d 720, 726 (Iowa 2006) (noting automobile exception supported stop of the vehicle and focusing instead on whether police had probable cause to search the vehicle after it was lawfully stopped).

"A probable cause finding rests on a nexus between the criminal activity, the place to be searched, and the items to be seized." *State v. Hoskins*, 711 N.W.2d 720, 726 (Iowa 2006). One of the officers explained the reason for the cell phone seizure as follows: "Because with the circumstances before the stop and then the amount of methamphetamine found on the ground it led me to believe these individuals in the truck—at least somebody in the truck was involved with the distribution of methamphetamine." He further explained that, in his experience, cell phones usually contain evidence of drug activity, namely communications through "text message, phone calls, Facebook Messenger, [and] any other messaging ap[p]." We are persuaded the officers' observations of what they believed to be a drug transaction and the discovery of a recently-discarded shopping bag containing methamphetamine afforded the officers probable cause to seize Sumpter's cellphone. *See Riley v. California*, 134 S. Ct. 2473, 2486 (2014) (both defendants "concede[d] that officers could have seized and secured their cell phones to prevent destruction of evidence while seeking a warrant); *Hupp v. Cook*, No. 2:17-cv-00926, 2018 WL 3259588, at *12-13 (S.D.W. Va. July 3, 2018) (finding probable cause for seizure of cell phone that contained video evidence of crime); *Commonwealth v. Cruzado*, 103 N.E.3d 732, 740 (Mass. 2018) (finding "ample probable cause to believe that the cell phone located near the defendant would contain evidence of the crime"); *State v. Horst*, 880 N.W.2d 24, 33-34 (Minn. 2016) (stating investigator had probable cause to believe cell phone contained evidence of a crime and, indeed, defendant did not contest existence of probable cause).

We turn to the exigency requirement. The State asserts exigent circumstances were established because "[t]he contents of a phone are . . . easily

deleted at the handset or remotely 'wiped.'" We agree. As the Minnesota Supreme Court stated, "It is significant that the item seized was a cellphone . . . . [T]he owner of a cellphone or other mobile digital device can quickly and easily destroy the data contained on such a device." *Horst*, 880 N.W.2d at 34. The court noted, "In fact, [the defendant] had already erased some text messages that the police later recovered" and "[t]he State's ability to recover text messages and other digital data did not negate the exigency . . . because there was no guarantee that the State would recover the digital evidence." *Id*. at 35 n.2; s*ee also Hupp*, 2018 WL 3259588, at *12-13 (finding objectively reasonable belief that video on cell phone might be destroyed or concealed, generating exigent circumstances for warrantless seizure of cellphone); *United States v. Acosta*, No. 4:17-CR-006-HLM-WEJ-1, 2017 WL 9477738, at *7 (N.D. Ga. Dec. 19, 2017), *report and recommendation adopted*, No. 4:17-CR-006-01-HLM-WEJ, 2018 WL 305335 (N.D. Ga. Jan. 5, 2018) ("The risk of loss or destruction of evidence if Defendant were allowed to retain his cell phone while officers applied for a warrant to search it created exigencies which outweighed prior recourse to a neutral magistrate."); *Huffer v. State*, No. 0131, 2017 WL 727791, at *5 (Md. Ct. Spec. App. Feb. 24, 2017) ("We hold that the seizure was not unreasonable due to exigent circumstances, and because a warrant was obtained prior to the search of the phone.").

We conclude the seizure of Sumpter's cell phone was supported by probable cause and exigent circumstances.[3]  Accordingly, we affirm the district court's denial of Sumpter's suppression motion.

**AFFIRMED.**

---

[3] Even if probable cause or exigent circumstances was lacking, the error may have been harmless.  *See State v. Howard*, 825 N.W.2d 32, 43 n.3 (Iowa 2012) (noting that to establish harmless error for a constitutional violation, "the State must 'prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained'" (citation omitted)).  The State did not argue harmless error.  Although the Iowa Supreme Court has permitted sua sponte consideration of harmless error in a narrow class of cases, our disposition makes it unnecessary to address the issue.  *See In re Detention of Blaise*, 830 N.W.2d 310, 319 (Iowa 2013).